UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
THEODORE F. JOHNSON,

                           Plaintiff,                      REPORT AND
                                                            RECOMMENDATION
   -against-
                                                            09 CV 5435 (CBA)(RML)

WASHINGTON MUTUAL BANK, *et al.*,

                           Defendants.
------------------------------------------------------X
LEVY, United States Magistrate Judge:

        Plaintiff Theodore F. Johnson ("plaintiff" or "Johnson") commenced this action against defendants Washington Mutual Bank F.A. ("WaMu"),[1] JP Morgan Chase Bank, N.A. ("Chase"), and Chase officers John Koelling and Larry Thode (collectively, "defendants") on December 11, 2009. Three motions are presently before the court: (1) plaintiff twice moves for default judgment against all defendants, and (2) defendants move for judgment on the pleadings. On December 20, 2010 and March 11, 2011, respectively, the Honorable Carol Bagley Amon, United States District Judge, referred plaintiff's two motions for default judgment to me for a report and recommendation, and on February 9, 2011, Judge Amon referred defendants' motion for judgment on the pleadings to me. For the reasons stated below, I respectfully recommend that plaintiff's motions be denied and defendants' motion be granted.

---

[1] On September 25, 2008, the Office of Thrift Supervision seized the banking operation subsidiaries of Washington Mutual, Inc., including WaMu, and placed them into receivership of the Federal Deposit Insurance Corporation (the "FDIC"). (Memorandum of Law in Support of Motion for Judgment on the Pleadings, dated Feb. 8, 2011, at 2.) On the same day, the FDIC sold certain assets and liabilities of WaMu to defendant Chase, pursuant to a written Purchase and Assumption Agreement. (Id. at 2–3.) As WaMu no longer exists as a corporate entity, it has not participated in this action and was under no obligation to do so.

## Background and Facts

Plaintiff is the owner of real property at 205 Brown Avenue, Hempstead, New York (the "Property"). (Complaint, dated Dec. 11, 2009 ("Compl."), ¶ 14.) On May 6, 1990, he and his wife, Elaine Johnson, entered into a contract with Midlantic Home Mortgage Corporation for a GI Mortgage (the "Mortgage") on the Property. (Id. ¶ 15.) The Mortgage was subsequently sold, first to Midcoast Mortgage Corporation, then to PNC Mortgage, and finally to WaMu. (Id. ¶¶ 21–23.) On September 25, 2008, pursuant to a written Purchase and Assumption Agreement with the FDIC, Chase obtained certain WaMu liabilities and assets, including its interest in the Mortgage. (Memorandum of Law in Support of Motion for Judgment on the Pleadings, dated Feb. 8, 2011 ("Defs.' Mem."), at 2–3; see also supra, note 1.)

Plaintiff's basic allegation is that WaMu wrongfully paid real property taxes he owed to the Village of Hempstead ("Hempstead") and then wrongfully charged his mortgage escrow account for its payments. Plaintiff asserts that defendants violated 42 U.S.C. § 1983; 42 U.S.C. § 1985; the Fourth, Fifth, and Fourteenth Amendments; the Federal Reserve Act (the "FRA"), 12 U.S.C. § 332, et seq.; the Federal Deposit Insurance Act (the "FDIA"), 12 U.S.C. § 181, et seq.; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. He seeks declaratory and injunctive relief, as well as $25 million in compensatory damages and $25 million in punitive damages.

Plaintiff presently moves for a default judgment; he argues that defendants did not timely answer his complaint. Defendants, on the other hand, move for judgment on the pleadings on three separate grounds. They argue that (1) the complaint does state any set of facts that would entitle plaintiff to relief, (2) the terms of Chase's Purchase and Assumption Agreement with the

FDIC forecloses plaintiff's claims, and (3) plaintiff's claims are duplicative of those asserted in a case that plaintiff previously filed and are thus barred by the doctrine of collateral estoppel.

**DISCUSSION**

A. Plaintiff's Motions for a Default Judgment

In two separate but nearly identical motions,[2] plaintiff moves for a default judgment. In both motions, plaintiff claims that a default judgment is appropriate because defendants "failed to plead and otherwise failed to defend within the time as provided by [the Federal Rules of Civil Procedure]." (Motion for Default Judgment, dated Dec. 9, 2010 ("Pl.'s First Mot."), at 1; see also Motion for Default Judgment, dated Mar. 1, 2010 ("Pl.'s Second Mot."), at 1.) It is true that defendants' original deadline for filing an answer was January 18, 2010 (see Dkt. Entry #7), and they did not answer the complaint by that date. However, defendants requested and received an extension of their time to answer (see Order Granting Motion for Extension of Time to Answer, dated Feb. 12, 2010); my order extended defendants' time to answer until March 24, 2010 (id.). All three defendants proceeded to file their answers and serve plaintiff within this deadline. (See Answer to Complaint by JP Morgan Chase, N.A., dated Mar. 23, 2010; Answer to Complaint by John Koelling, dated Mar. 23, 2010; Answer to Complaint by Larry Thode, dated Mar. 23, 2010.) As plaintiff cannot demonstrate that defendants' answers were untimely, there are no grounds for a default judgment. I therefore recommend that plaintiff's motions be denied.

B. Defendants' Motion for Judgment on the Pleadings

1. Standard for Judgment on the Pleadings

---

[2] The only material difference between the motions is that the second contains additional exhibits, including copies of plaintiff's membership cards to various organizations (such as Disabled American Veterans).

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted); see also Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010) (citing Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994)). "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle him to relief." Patel, 259 F.3d at 126 (internal citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all the facts alleged in the complaint and must liberally construe the complaint in the light most favorable to the plaintiff. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). While "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006) ("[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." (citation and internal punctuation omitted)), even a *pro se* complaint should be dismissed if it does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). With this standard in mind, I will address each of plaintiff's claims in turn.

2. Section 1983 Claim

Plaintiff first alleges that defendants violated 42 U.S.C. § 1983. "To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law." Varricchio v. County of Nassau, 702 F. Supp. 2d 40, 51 (E.D.N.Y. 2010) (citing § 1983). Moreover, "a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; . . . broad, simple, and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc v. Ward, 814 F.2d 883, 887 (2d Cir. 1987) (citations omitted); see also Faber-Womack v. Town of Riverhead Police Dept., No. 08-CV-2368, 2009 WL 2983022, at *4 (E.D.N.Y. Sept. 10, 2009) (citations omitted). Here, plaintiff has neither asserted nor made specific allegations that the conduct of defendants, private banks and bank officials, constituted state action; instead, he has merely stated once in the complaint that he "files this action pursuant to U.S.C. Section 42 U.S.C. 1983 . . . ." (Compl. ¶ 3.) As a result, he has failed to state a plausible claim under § 1983.

3. Section 1985 Claim

Plaintiff asserts his 42 U.S.C. § 1985 claim as he did his § 1983 claim—simply by stating that he files his action pursuant to the statute. However, to state a § 1985(3) claim of deprivation of rights or privileges, a plaintiff must allege that two or more persons entered into a conspiracy to deprive him of his right to equal protection or to equal privileges and immunities. See, e.g., Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Brown v. City of Oneonta, 221 F.3d 329, 341 (2d Cir. 2000). In addition, a plaintiff must also show that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993) (quoting United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 829 (1983)). The

complaint fails to meet these requirements, as it contains no allegations of either a conspiracy[3] or a discriminatory animus.  As "[e]ven where a plaintiff is proceeding *pro se*, a constitutional conspiracy claim must be pled with at least some degree of particularity[,]" Morpurgo v. Inc. Vill. of Sag Harbor, 697 F. Supp. 2d 309, 340 (E.D.N.Y. 2010) (citation and internal punctuation omitted), plaintiff has failed to state a cause of action under § 1985.

        4. Fourth, Seventh, and Fourteenth Amendment Claims

Plaintiff next alleges that defendants violated his Fourth, Fifth, and Fourteenth Amendment rights.  However, he does no more than make the bald assertion that he is commencing the lawsuit pursuant to these amendments.  (See Compl. ¶ 3.)  Plaintiff fails to attach any factual allegations to his references to each amendment, and he never contends that defendants' challenged conduct constitutes state action.  See United States v. Int'l Bhd. of Teamsters, 941 F.2d 1292, 1295 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" (citations omitted)).  As a result, he fails to state a plausible cause of action under the Fourth, Fifth, or Fourteenth Amendments.

        5. Federal Reserve Act and Federal Deposit Insurance Act

Plaintiff also includes the Federal Reserve Act, 12 U.S.C. § 332, et seq., and the

---

[3] "A conspiracy is an agreement between two or more individuals where one acts in further of the objection [sic] of the conspiracy and each member has knowledge of the nature and scope of the agreement."  Morpurgo v. Inc. Vill. of Sag Harbor, 697 F. Supp. 2d 309, 339 (E.D.N.Y. 2010) (citation omitted).

Federal Deposit Insurance Act, 12 U.S.C. § 1811, et seq., in his laundry list of statutes.[4] However, he fails to identify the specific sections of either lengthy statute that defendants purportedly violated or to articulate with specific factual allegations how they did so. Therefore, with respect to these claims, plaintiff has failed to comply even with liberal *pro se* pleading rules.

6. RESPA Claim

Plaintiff also purports to sue under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. "RESPA requires that borrowers receive certain disclosures explaining the costs associated with settlement and describing lender services and escrow account practices." Nelson v. JPMorgan Chase Bank, N.A., 707 F. Supp. 2d 309, 315 (E.D.N.Y. 2009) (citations omitted). The complaint specifically references sections 2603, 2605 and 2609 of RESPA. (See Compl. ¶¶ 6–12.) The facts that plaintiff has alleged do not implicate § 2603 (which requires that the person conducting a settlement provide the buyer with a settlement statement disclosing all charges imposed on the buyer, Johnson v. Wash. Mutual Bank, F.A., 216 Fed. App'x 64, 66, 2007 WL 419270, at *1 (2d Cir. Feb. 2, 2007)) or § 2605 (which requires that loan servicers give notice to buyers of loan servicing transfers and respond to borrower inquiries, id.). With respect to § 2609, which limits "the requirements that can be imposed in conjunction with escrow account payments," id., plaintiff has not alleged specific facts to make his claim plausible under Iqbal.[5] His

---

[4] The FRA "establishes the Federal Reserve Banks and governs their activities . . . ." James v. Fed. Reserve Bank of N.Y., 471 F. Supp. 2d 226, 233 (E.D.N.Y. 2007). On the other hand, Congress designed the FDIA "to stabilize the national banking system and promote depositors' confidence in the system." FDIC v. Morley, 867 F.2d 1381, 1391 (11th Cir. 1989) (citation omitted).

[5] Defendants also argue that there is no private right of action under ¶¶ 2603 and 2609. (See Defs.' Mem. at 9 (citing McAnaney v. Astoria Fin. Corp.,, 357 F. Supp. 2d 578, 591 (E.D.N.Y. 2005)). However, the Second Circuit "has not spoken on whether these sections of
(continued...)

allegations concerning the fraudulent nature of the escrow account payments are conclusory (see, e.g., Compl. ¶ 1 (stating that the mortgage escrow account was "fradulent" but never explaining why)), and he posits no link between § 2609 and WaMu's purported actions with respect to the escrow account.

### C. Filing Injunction

Defendants also argue that they are entitled to judgment on the pleadings based on the doctrine of collateral estoppel. They assert that plaintiff's prior action in this court, Johnson v. Wash. Mutual Bank, F.A., 03 CV 4704, bars this action because it involved "some of the same parties and substantially the same claims." (Defs.' Mem. at 12.) In September 2003, plaintiff commenced that case, a civil rights action against WaMu and Melisa J. Sirovana, executive liaison for WaMu. As in this case, the action related to WaMu's payment of taxes out of plaintiff's escrow account. (See Amended Complaint in 03 CV 4704, dated Jan. 5, 2004, ¶¶ 31, 38, 40, 53, 57–59.) On May 4, 2006, the Honorable Dora L. Irizarry, United States District Judge, granted WaMu and Sirovana's motion to dismiss plaintiff's amended complaint in that case (see Opinion and Order in 03 CV 4704, dated May 4, 2006), and on February 2, 2007, the Second Circuit affirmed, Johnson v. Wash. Mutual Bank, F.A., 216 Fed. App'x 64, 2007 WL 419270 (2d Cir. Feb. 2, 2007)). While it is unnecessary to address whether collateral estoppel bars plaintiff's relitigation of his purported claims arising out of WaMu's payment of plaintiff's property taxes,[6]

---

[5](...continued)
RESPA provide private rights of actions," Wash. Mutual Bank, 2007 WL 419270, at *1, and it is unnecessary to address that question because, in any case, plaintiff fails to provide specific facts to support claims under them.

[6] It is also unnecessary to address defendants' argument that the terms of Chase's Purchase and Assumption Agreement with the FDIC foreclose plaintiff's claims.

plaintiff's earlier lawsuit is relevant. Plaintiff has now twice commenced and insufficiently pleaded actions predicated on the same grievance. As a result, I recommend that plaintiff be directed to show cause why an order barring him from filing any future action related to his mortgage loan agreement and escrow account, without first obtaining leave of court, should not be entered against him. See, e.g., Malley v. New York City Bd. of Educ., 112 F.3d 69, 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if plaintiff has filed numerous complaints based on the same events).

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motions for a default judgment be denied and that defendants' motion for judgment on the pleadings be granted. In addition, I recommend that plaintiff be directed to show cause why an order barring him from filing any future action related to his mortgage loan agreement and escrow account, without first obtaining leave of court, should not be entered against him. Any objection to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Amon and to my chambers, within fourteen (14) days. Failure to file objections within the specified time period waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
July 11, 2011